VERTIN *v.* HOUGHTON CIRCUIT JUDGE.

QUO WARRANTO—INFORMATIONS, RIGHT TO FILE.

Under 3 Comp. Laws 1915, § 13550, 5 How. Stat. (2d Ed.) § 14082, providing that informations may be filed by the prosecuting attorney of the proper county on his own relation, or that of any citizen of the county without leave of court, or by any citizen of the county by special

leave of court, relators who show by their petition that they have such an interest in the matter as to entitle them to an adjudication of the questions involved, should be permitted to file an information in the nature of *quo warranto* for the purpose of determining by what warrant certain persons claim to exercise the liberties, privileges, and franchises of a corporation, and the matter should not be disposed of on affidavits.

Mandamus by Joseph D. Vertin and others against Patrick H. O'Brien, circuit judge of Houghton county, to compel respondent to permit relators to file an information in the nature of a *quo warranto*. Submitted October 24, 1916. (Calendar No. 27,387.) Writ granted March 30, 1917.

*Burritt & Burritt*, for relators.

*Galbraith & McCormack* (*J. F. Hambitzer*, of counsel), for respondent.

BROOKE, J. Relators in this proceeding seek a writ of mandamus requiring the respondent to make an order permitting them to file in his court an information in the nature of a *quo warranto* for the purpose of determining by what warrant certain persons therein named claim to exercise the liberties, privileges, and franchises of a body politic and corporate in law, fact, and name, under the title of the "Calumet Slovenian Catholic St. Joseph Benevolent Society." Relators filed a petition in the circuit court for the county of Houghton, setting out at large the facts which they claim entitled them to file said information. This petition was supported by affidavits. Instead of making an order allowing said information to be filed, the learned circuit judge issued an order to show cause, requiring the persons named in said petition as defendants to answer the averments in said petition, whereupon said defendants filed an answer, supported as to its material averments by several affidavits. Arguments in

the matter appear to have been made, but no testimony was taken, whereupon an order was made by respondent denying relators the right to file said information.

Application having been made to this court, an order to show cause issued, and in his answer to said order respondent shows that, in denying relators the right to file said information, he passed upon issues of fact raised by the petition and the answer, and supported on each side by affidavits. The governing statutes will be found in 5 How. Stat. (2d Ed.) § 14054 (3 Comp. Laws 1915, § 13524). The right of relators in the premises is particularly based upon 5 How. Stat. (2d Ed.) § 14082 (3 Comp. Laws 1915, § 13550), which provides:

"Informations under this act may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county without leave of the court, or by any citizen of the county by special leave of the court, or a judge thereof."

There would appear to be no question but that the relators have by their petition shown such an interest in the matter as would entitle them to an adjudication of the questions involved. While the legal questions, as well as those involving disputed facts, are discussed in briefs filed for both relators and respondent, we are of opinion that the matter should not be disposed of upon affidavit.

The writ will therefore issue.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.